IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHONG SU YI,

   Plaintiff,

  v.

SUPREME COURT OF UNITED STATES,
et al.,

   Defendants.

\*

\*

\*

\*

\*

\*

CIVIL ACTION NO. RWT-15-3663

\*\*\*\*\*\*

## MEMORANDUM

Plaintiff brings this self-represented action against the Supreme Court of the United States and each of its justices. Plaintiff alleges that Defendants improperly denied his Petition for Writ of Certiorari. ECF No. 1. The nature of Plaintiff's claim and the remedy he seeks are unclear. *Id*. Plaintiff appears to be indigent and his Motion for Leave to Proceed in Forma Pauperis shall be granted.

The Court concludes that the Complaint must be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See generally Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). The justices of the Supreme Court have absolute immunity from suit, and Plaintiff fails to meet the standard for Writ of Mandamus.[1]

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*,

---

[1] Plaintiff's complaint against the "Supreme Court of the United States" is also subject to dismissal as the Supreme Court of the United States is not a "person" subject to suit or liability under § 1983.

1

457 U.S. 800, 807 (1982).  Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  Absolute immunity is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction.  *See Stump*, 435 U.S. at 356.  Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority.  *Id*. at 356–57.

A review of Plaintiff's allegations does not compel the conclusion that any of the named justices acted in clear absence of jurisdiction.  Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity.  In apparent disagreement with the decision reached by the United States Supreme Court to deny the Petition for Writ of Certiorari, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against the justices of the Supreme Court.  Because immunity precludes Plaintiff's recovery, sua sponte dismissal of the case is appropriate.

To the extent Plaintiff intended to file a Petition for Writ of Mandamus, the Petition is also subject to dismissal. Under 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff. In order to meet the requirements for mandamus relief, petitioner must show that he has the clear legal right to the relief sought; that respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Auth.*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[2] *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304–05 (D. Md. 1975).

The Court concludes that petitioner has failed to meet the above established criteria. The grant or denial of certiorari by the United States Supreme Court is a discretionary function, solely within the province of the Court, and is the very opposite of a ministerial function. As Petitioner has made no showing in the instant action which warrants the granting of extraordinary relief, his petition for writ of mandamus shall be denied.

---

[2] "[A] ministerial act is one in which 'the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.'" *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984) (quoting 55 C.J.S. Mandamus § 132).

A separate Order shall be entered reflecting the ruling set forth herein.


<u>December 4, 2015</u>                          <u>                    /s/                    </u>
                                                Roger W. Titus
                                                United States District Judge